**MANDATE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 0 2 2008

99-cv-12385
99-cv-12488
97-cv-9361
Kaplan
Pitman

Ward v. National Geographic

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 27th day of June, two thousand eight.

Present:   HON. JOSÉ A. CABRANES,
           HON. ROBERT A. KATZMANN,
           HON. BARRINGTON D. PARKER,
                    *Circuit Judges.*

[FILED JUN 27 2008 — Catherine O'Hagan Wolfe, Clerk, Second Circuit]

FRED WARD, DAVID AUSTEN, DOUGLAS FAULKNER, LOUIS PSIHOYOS, MATRIX INTERNATIONAL, INC., as agent for ROGER HITCHINGS, SARAH LEEN and RICK RICKMAN, RICK RICKMAN, DAVID HISER, DAVID G. ALLEN, DORANNE JACOBSON, JEROME JACOBSON, JOE BARABAN, JON KRAKAUER, PAMELA WILSON SARTORELLI, RICHARD CONNIFF, SALLY FAULKNER, JOHN KNOEBBER,

*Plaintiffs-Appellants,*

06-4863-cv (l); 06-5106-cv (con), 06-5429-cv (con), 06-5096-cv (con), 06-5427-cv (con)

- v. -

NATIONAL GEOGRAPHIC SOCIETY, NATIONAL GEOGRAPHIC ENTERPRISES, INC., NATIONAL GEOGRAPHIC HOLDINGS, INC., d/b/a NATIONAL GEOGRAPHIC INTERACTIVE, EASTMAN KODAK COMPANY, MINDSCAPE, INC., a division of THE LEARNING COMPANY, DATAWARE TECHNOLOGIES, INC. and HAMMACHER SCHLEMMER, INC.,

*Defendants-Appellees.*

Issued as Mandate: AUG 29 2008

| | |
|---|---|
| For Appellants (Matrix et al.): | RICHARD F. SCHADEN, Schaden Katzman Lampert & McClune, Broomfield, CO |
| For Appellants (Faulkner et al.): | STEPHEN A. WEINGRAD, Weingrad & Weingrad, LLP, New York, NY |
| For Appellant: (Ward): | ANDREW BERGER, Tannenbaum, Helpern, Syracuse, & Hirshtritt LLP New York, NY |
| For Appellees: | ROBERT G. SUGARMAN (Denise Alvarez, Jaime S. Kaplan, *on the brief*) Weil, Gotshal & Manges LLP, New York, NY |
| | Terrance B. Adamson, Angelo M. Grima, Karen-Kerley-Schwartz, National Geographic Society, *of counsel*, Washington, DC |
| | Kenneth W. Starr, Christopher Landau, Kirkland & Ellis LLP, *of counsel*, Washington, DC |

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants, photographers whose work has appeared in "The Complete National Geographic" CD-ROM and DVD, appeal from a September 18, 2006 decision of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting defendants' motion for partial summary judgment on plaintiffs' "further use" contract claims and implied contract claims. We assume familiarity with the procedural posture, the issues now before us on appeal, and the background history of this litigation, much of which is recounted in our earlier opinion. *See Faulkner v. Nat'l Geographic Enters.*, 409 F.3d 26 (2d Cir. 2005).

As an initial matter, we reject the contention of the Faulker appellants that the district court erred in exercising supplemental jurisdiction over their state-law claims. We review the district court's retention of pendent jurisdiction after the dismissal of all federal claims, pursuant to 28 U.S.C. § 1367, under an abuse of discretion standard. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The Faulkner appellants sat on their objection for more than two years. Had they raised an objection at any point, the district court would have been within its

discretion to overrule it, as it ultimately did. *See id.* at 306 (noting we have found no abuse of discretion where "by the time the federal claims were dismissed, discovery had been completed, the court had decided three dispositive motions, and the case was ready for trial, and where the state-law claims involved only settled principles, rather than legal questions that were novel") (citing *Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990)).

We review the district court's grant of summary judgment *de novo* drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party. *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Summary judgment is appropriate only where the court determines there are no genuine issues of material fact to be tried and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Having reviewed the record, we conclude that summary judgment was appropriate for substantially the reasons set forth in the thorough opinion of the district court, demonstrating, once again, Judge Kaplan's extensive facility with the issues at hand. On repeated occasions, we have cautioned that "[a] party opposing a motion for summary judgment simply cannot make a secret of his evidence until the trial, for in doing so he risks the possibility that there will be no trial." *Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir. 1972). Weeding out cases that appear destined for dismissal on a defendant's motion for judgment as a matter of law is the "very purpose of summary judgment." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 49 (2d Cir. 2000).

In the papers submitted to the district court, the plaintiffs' conclusory interpretation of the contracts was contradicted by the consistent course of dealings between the parties. It is hornbook contract law that:

> Course of dealing may become part of an agreement either by explicit provision or by tacit recognition, or it may guide the court in supplying an omitted term. Like usage of trade, it may determine the meaning of language or it may annex an agreed but unstated term. There is no requirement that an agreement be ambiguous before evidence of a course of dealing can be shown, nor is it required that the course of dealing be consistent.

Restatement (Second) of Contracts, § 223 (1981) cmt. b. We have extended the course-of-dealings doctrine "to include evidence that a party has ratified terms by failing to object," provided there is "an indication of the common knowledge and understanding of the parties." See *New Moon Shipping Co. v. MAN B&W Diesel AG*, 121 F.3d 24, 31 (2d Cir. 1997).

In this case, as the district court found, the defendants' course-of-dealings evidence was not refuted by any contrary evidence. Accordingly, we conclude that the district court properly granted summary judgment. See *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 342 (2d Cir. 2004) (where a contract is "ambiguous as to intent, summary judgment is still proper when 'the extrinsic evidence is so one-sided that no reasonable factfinder could decide contrary to one party's interpretation'") (quoting *Collins v. Harrison-Bode*, 303 F.3d 429, 434 (2d Cir. 2002)).

This case has proceeded for over a decade. Much of what plaintiffs now contend on appeal was not presented to the district court; and in a case of this scope and complexity, the failure to raise issues below creates practical as well as procedural obstacles to full appellate consideration. See *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases."). We have considered the appellants' remaining arguments and find them without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By: /s/

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by: /s/
DEPUTY CLERK

4